UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAVIER LABRA, et al.,

    Plaintiffs,

v.

CAL-WESTERN RECONVEYENCE CORPORATION, et al.,

    Defendants.

_____/

No. C 09-02537 PJH

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION**

The motion of defendant Aurora Loan Services, LLC for an order dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and striking the prayer for punitive damages, and plaintiffs' motion for preliminary injunction came on for hearing before this court on November 18, 2009. Plaintiffs appeared by their counsel Hal Reiland, and Aurora appeared by its counsel Michael Wall. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS the motion to dismiss, GRANTS the motion to strike, and DENIES the motion for preliminary injunction, as follows and for the reasons stated at the hearing.

Plaintiffs Javier Labra and Wendy Kassner own property located at 11 Juniper Drive in San Ramon, California. In 2006, plaintiffs refinanced the property with two loans. The loans were negotiated through North Point Financial, and were secured from Lehman Brothers Bank. Some time after the origination of the loans, defendant Aurora Loan Services ("Aurora")[1] was assigned the servicing rights to the loans.

Both loans were secured by a deed of trust in favor of the lender – Lehman Brothers

---

[1] Aurora Loan Services, LLC is a wholly-owned subsidiary of Aurora Bank FSB, which was formerly known as Lehman Brothers Bank FSB.

Bank (1st deed of trust) and defendant Aurora Loan Services ("Aurora") (2nd deed of trust). Plaintiffs claim that Fidelity National Title ("Fidelity") prepared some or all of the documents, and acted as the trustee. The closing occurred on March 28, 2006.

Lehman thereafter nominated defendant Mortgage Electronic Registration System ("MERS") as its agent, and MERS substituted Fidelity out as trustee and named defendant Cal-Western Reconveyance Corporation ("Cal-Western") as substitute trustee.

Plaintiffs were unable to make the payments and defaulted on the loan. Cal-Western, as substituted trustee under the deed of trust, filed a notice of default on December 19, 2008, and a notice of Trustee's Sale on March 27, 2009.

Plaintiffs filed the present complaint in Contra Costa Superior Court on May 26, 2009, against Cal-Western, Aurora, and MERS, asserting (1) a claim for declaratory relief against all defendants (seeking a judicial declaration of the rights of the parties concerning their respective rights under the deed of trust – specifically, a declaration that Cal-Western is not the trustee and does not have the power of sale, or in the alternative, that Cal-Western failed to follow the procedures in Civil Code §§ 2934a(b), 2923.5(b), and 2924b); (2) a claim for declaratory relief against all defendants (seeking a judicial declaration that the loan cannot be foreclosed upon because neither MERS nor Aurora has possession of the original note); (3) a claim for negligence against MERS and Aurora, based on violations of the Real Estate Settlement and Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"), seeking rescission and damages; (4) a claim seeking an order enjoining the foreclosure of the property; (5) a claim against MERS and Aurora, for fraud; and (6) a claim against MERS and Aurora, for negligent misrepresentation.

On June 8, 2009, MERS removed the action, alleging federal question jurisdiction (based on the allegations of violations of TILA and RESPA). Cal-Western and Aurora filed "consent to removal" statements with MERS' notice of removal. On September 17, 2009, plaintiffs and MERS stipulated to a dismissal of MERS without prejudice.

On October 21, 2009, plaintiffs filed an application for a temporary restraining order ("TRO"), seeking to halt the sale of the San Bruno property, which was scheduled to go

forward on October 23, 2009. Plaintiffs also filed a request for an order to show cause re preliminary injunction. The TRO application was denied at the hearing on October 23, 2009 (and in a written order of the same date). The present motion for preliminary injunction was set for hearing on November 18, 2009, the same day as Aurora's motion to dismiss and motion to strike.

As stated at the hearing, the court finds that the motion to dismiss must be GRANTED. The motion to dismiss the first cause of action seeking a judicial declaration that Cal-Western is not the trustee and does not have the power of sale, or that Cal-Western failed to follow the procedures in Civil Code §§ 2934a(b), 2923.5(b), and 2924b), is GRANTED. Based on the documents referenced in the complaint, the court finds plaintiffs cannot maintain a claim premised on the assertion that Cal-Western was not the successor trustee. Nor, for the reasons argued by Aurora in opposition to the motion for preliminary injunction, can plaintiffs state a claim as to the alleged failures to follow the Civil Code procedures.

The second cause of action seeking a judicial declaration that the loans cannot be foreclosed upon because neither MERS nor Aurora has possession of the original note is DISMISSED as moot, as the property has already been foreclosed upon.

The third cause of action for negligence based on violations of RESPA and TILA is DISMISSED, based on plaintiffs' concession at the hearing that they have no RESPA or TILA claim. Leave to amend shall be granted, as requested by plaintiffs, to add a claim under California Business & Professions Code § 17200.

The fourth cause of action seeking an order enjoining the foreclosure of the property is DISMISSED for the reasons stated with regard to the second cause of action.

The motion to dismiss the fifth cause of action for fraud and the sixth cause of action for negligent misrepresentation, for failure to plead fraud with particularity, is GRANTED. In addition, as these claims allege that defendants falsely represented to plaintiffs "that Aurora was the lender, that North Point would be the only loan broker and that there would not be any unknown fees at closing," Cplt ¶¶ 38, 43, the court finds that these claims

3

are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, et seq., and the regulations promulgated pursuant to that statute by the Office of Thrift Supervision. See 12 C.F.R. § 560.2 (providing non-exhaustive list of state laws that are preempted by HOLA). Thus, leave to amend would be futile.

The motion to strike the claim for punitive damages is GRANTED, with leave to amend to allege facts showing that defendants' conduct was intentional, or that it was malicious. See G.D. Searle & Co. v. Superior Court, 49 Cal. App. 3d 22, 29-30 (1975); see also Spinks v. Equity Residential Briarwood Apartments, 171 Cal. App. 4th 1004, 1055 (2009).

The motion for preliminary injunction is DENIED, as plaintiffs have failed to show a likelihood of success on the merits. See Winter v. Natural Res. Defense Council, Inc., 129 S.Ct. 365, 374 (2008) (plaintiff seeking preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest).

Any amended complaint shall be filed no later than December 18, 2009. Any answer or motion to dismiss shall be filed no later than January 13, 2010.

**IT IS SO ORDERED.**

Dated: December 3, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge